# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# (Charleston Division)

**ANGELA UNDERWOOD,**
individually and on behalf of others
similarly situated,

    **Plaintiffs,**

v.                                        Civil Action No. 2:17-cv-02522

**KC TRANSPORT, INC., d/b/a KC
TRANSPORT OF WEST VIRGINIA, INC.,**
A West Virginia Corporation,
**and KENNY COMPTON,**
A West Virginia Resident.

    **Defendants.**

## COMPLAINT

NOW COMES Plaintiff Angela Underwood, by and through their undersigned counsel, and file this Complaint against Defendants KC Transport, Inc., d/b/a KC Transport of West Virginia, Inc., and Kenny Compton making claims to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., individually and on behalf of others similarly situated as provided in 29 U.S.C § 216(b), stating as follows:

## PARTIES

1. Plaintiff Angela Underwood ("Plaintiff Underwood") is an individual residing in Delbarton, Mingo County, West Virginia.

2. Defendant KC Transport, Inc., d/b/a KC Transport of West Virginia, Inc. ("Defendant KC Transport") has its headquarter office located at 8306 Wilderness Road, Bland, Virginia 24315; with a principal in-state operating address located at 150 Katie Lane, Cool Ridge, West Virginia 25825.

3. Defendant KC Transport is a coal hauling company.

4. The location of Plaintiff's job during her entire employment with Defendants was located in or around Cabin Creek, Kanawha County, West Virginia.

5. Defendant KC Transport is a foreign for-profit corporation organized pursuant to the laws of the State of Virginia, and which is authorized to do business in the State of West Virginia.

6. Defendant Kenny Compton ("Plaintiff Compton") is an individual who, based upon information and belief, is a resident of Bland, Virginia. Defendant Compton is the owner of Defendant KC Transport and is responsible for the business and operations of Defendant KC Transport's Cool Ridge, West Virginia office, and at all relevant times has been the supervisor of Plaintiff Underwood and all similarly situated employees.

7. As the owner, Defendant Compton, at all relevant times, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff Underwood and all similarly situated employees.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 28 U.S.C. § 1331 because this claim arises under the laws of the United States.

2

9. At all relevant times, Plaintiffs, and similarly situated employees, were employees of Defendants at Defendants' facilities located at 150 Katie Lane, Cool Ridge, West Virginia, 25825.

10. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendants KC Transport and Compton reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS

11. Plaintiff Angela Underwood was hired by Defendant KC Transport in or around March of 2016 to work as a truck driver.

12. Upon being hired by Defendant KC Transport, Plaintiff began earning approximately $15.00 per hour.

13. The Defendant was a contracted coal hauling company operating on several mine sites throughout West Virginia.

14. Plaintiff was not informed her position was classified as exempt or non-exempt from overtime wages under the FLSA.

15. Plaintiff Underwood's job duties included truck driving.

16. During Plaintiff's employment with KC Transport, Plaintiff would work at least forty hours each week, often working 60-70 hours per week, or more.

17. Plaintiff Underwood remained a truck driver throughout her employment by Defendants.

18. Plaintiff Underwood's job duties did not require her to cross state lines, nor did her job duties anticipate or expect her to cross state lines. Therefore, the FLSA motor carrier exemption is not applicable to this matter.

19. Plaintiff Underwood's actual job duties did not qualify her for any exemption from the overtime provisions of the FLSA and she was, therefore, at all relevant times a non-exempt employee entitled to overtime pay for each hour worked over forty hours in a workweek.

20. Despite failing to classify Plaintiff Underwood as an exempt employee, and despite the fact that Plaintiff Underwood's duties do not qualify her as an exempt employee, Defendants have, during the relevant time period, treated Plaintiff Underwood as an exempt employee, have paid her a salary, and have not paid her overtime pay to which she was entitled.

21. Plaintiff's pay stubs would often falsely reflect that they were reimbursement payments rather than pay checks, often stating, "Cost of Sales – Fuel."

22. On or about August 31, 2016, Defendants terminated Plaintiff Underwood's employment.

23. Defendants failed to keep accurate records of the hours worked by Plaintiff Underwood, and similarly situated employees. Defendants do, however, possess other types of documents, including time clock records or records from the mine site security building which Plaintiff was required to check in and out of at the start and end of each shift, which may be used to reconstruct the hours worked by Plaintiff Underwood, and similarly situated employees.

24. As of the filing of the instant Complaint, no representative of any Defendant has contacted Plaintiff regarding her entitlement to, or calculation of her unpaid overtime wages.

25. From approximately March 1, 2016 to approximately August 31, 2016, Plaintiff Underwood worked weekly shifts exceeding 40 hours. Plaintiff is not in possession of accurate hours worked, but that hours worked can be easily reconstructed form the mine site security logs.

**(Similarly Situated Employees)**

26. During the relevant time period, Defendants have employed approximately 50 employees similarly situated to Plaintiffs Underwood.

27. The similarly situated employees have had duties similar to the duties of Plaintiff Underwood, have worked under similar conditions and similar work schedules as Plaintiff Underwood, have been non-exempt employees entitled to overtime wages similar to Plaintiff Underwood, have been unlawfully treated by Defendants as exempt employees in a manner similar to Plaintiff Underwood, and have been unlawfully denied overtime wages by Defendants in a manner similar to Plaintiff Underwood.

**COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**

28. Plaintiffs incorporate by reference Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Each Defendant is an "employer" as defined in the Fair Labor Standards Act of 1938 ("FLSA") at 28 U.S.C. § 203.

30. Defendant KC Transport is an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

31. Defendant Compton, at all relevant times, has been an owner for, and an agent of Defendant KC Trucking, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff Underwood, and all similarly situated employees, and consequently, is an "employer" under the FLSA.

32. Defendants were required to pay Plaintiff Underwood, and all similarly situated employees, overtime wages at a rate of one and one-half times Plaintiff's and the similarly situated employees' regular rates for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

33. Defendants failed to pay Plaintiff Underwood, and all similarly situated employees all overtime wages due and owing to Plaintiff and the similarly situated employees in violation of the FLSA, 28 U.S.C. § 207.

34. Defendants' failure to pay wages and overtime wages in violation of the FLSA was willful and deliberate, having failed to pay Plaintiff overtime wages from March of 2016 through the present. Additionally, based upon information and belief, Defendants are continuing to fail to pay overtime wages to similarly situated Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of similarly situated employees, pray for the following relief:

(a) That this Court certify this action as an FLSA collective action and certify a class of employees similarly situated to Plaintiff Underwood;

(b) That Plaintiff Underwood be designated as the collective class representatives;

(c) That they and the certified class may have a trial by jury;

(d) That he and the certified class be awarded all damages provided by law, including but not limited to, unpaid overtime wages;

(e) That he and the certified class be awarded liquidated damages as provided by the FLSA;

(f) That he and the certified class be awarded attorneys' fees and costs; and

(g) That he and the certified class be awarded such other relief as this Court may deem as just and equitable.

**A Trial by Jury is Demanded.**

                        **ANGELA UNDERWOOD,**
                        By Counsel

/s Mark L. French
Mark L. French, Esq. (WVSB# 9061)
THE LAW OFFICE OF MARK L. FRENCH, PLLC
The Morrison Building
815 Quarrier Street, Suite 208
Charleston, WV 25301
Telephone: 304.720.6220
Facsimile: 304.720.6221
      mark@marklfrench.com