UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**ANGELA UNDERWOOD**, individually and
on behalf of others similarly situated,

    Plaintiff,

v.                              Civil Action No. 2:17-02522

**KC TRANSPORT, INC.**,
d/b/a KC TRANSPORT OF WEST VIRGINIA, INC.,
a West Virginia Corporation,
and **KENNY COMPTON**,
a West Virginia resident,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant KC Transport, Inc.'s motion to dismiss for failure to state a claim, filed on May 22, 2017.  KC Transport submitted a supporting memorandum, and plaintiff responded in opposition.

### I. Facts

On April 16, 2017, plaintiff filed her complaint asserting a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for unpaid overtime wages, arising from her past employment as a truck driver with KC Transport.  On behalf of herself and fifty similarly situated employees, plaintiff also requested certification of a collective action.

Taking the allegations in the complaint as true, as the court must at this stage, Ms. Underwood often worked more than sixty hours per week and was not informed whether she was exempt from overtime wages under the FLSA.  Even though she was not exempt from the overtime-pay requirement, she was treated as an exempt employee and paid a salary.  Thus, she was not paid overtime pay that she was due for work in excess of forty hours per week.

In the course of her employment, Ms. Underwood did not drive across state lines, nor did her job duties incorporate an expectation for her to do so.

## II.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief."  Rule 12(b)(6) permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint "must contain enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting

Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 127 S. Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

### III. Discussion

**A. KC Transport's affirmative defense is not a suitable ground for dismissal at this stage**

KC Transport argues that the complaint should be dismissed because it, and the work performed by plaintiff, are exempt from the overtime-pay provisions of the FLSA pursuant to the motor carrier exemption, 29 U.S.C. § 213(b)(1).

The exemption covers employees whose activities "affect safety of operation" and who work for a private motor carrier engaged in interstate commerce. See Truitt v. Stavola Bros., Inc., 107 F.3d 1104, 1106-07 (4th Cir. 1997). The parties disagree on whether Ms. Underwood satisfies the interstate-commerce prong of the analysis and, therefore, whether the exemption applies to her, barring a FLSA claim.

As Ms. Underwood notes, if the court were to consider the affidavit attached to the motion to dismiss, it would have to convert it to a motion for summary judgment.  Given the early stage of the litigation and the probability that discovery will bring out further relevant information, this the court will not do.  Accordingly, the court declines to consider the affidavits attached by both parties to their briefs.

It is plain that defendant's argument for dismissal rests on an affirmative defense, namely, the motor carrier exemption from the FLSA.  As is well established, the court can only dismiss a complaint for failure to state a claim on an affirmative defense if "facts sufficient to rule on an affirmative defense are alleged in the complaint."  <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007).  In this case, the complaint specifically alleges that Ms. Underwood is not covered by the motor carrier exemption.  And the facts alleged do not allow the court to rule on the affirmative defense.  In particular, while KC Transport maintains that "[d]rivers, including Ms. Underwood, frequently haul coal to railroad cars which then proceed to transport the goods interstate," ECF No. 10, at 6, it relies on an affidavit that cannot be considered at this juncture.  The complaint itself naturally makes no such allegation.

Inasmuch as discovery is needed for further factual development of the case, dismissal is unwarranted.  The court

notes that other courts both in this circuit and beyond, when confronted with similar situations, deny the motion to dismiss. In one instance, the court denied dismissal when the application of a <u>de minimis</u> exception to the motor carrier exemption was disputed. <u>Seagram v. David's Towing & Recovery, Inc.</u>, 62 F. Supp. 3d 467, 476 (E.D. Va. 2014). In another, where the posture looked strikingly similar to this case, the court summarized several legal authorities before concluding that "the determination whether the MCA exemption applies to route drivers who operate wholly within one state is a case-specific and highly fact-intensive inquiry" which depends on "fine distinctions." <u>Thompson v. Eldorado Coffee Roasters Ltd.</u>, 15-CV-6442 (WFK) (JO), 2017 WL 1403340, at *4 (E.D.N.Y. Mar. 29, 2017). The court agrees and denies the motion to dismiss based on the motor carrier exemption.

B.   Other arguments KC Transport makes rely on the dismissal of plaintiff's individual claim and are premature

KC Transport also moves to dismiss the "class action" for lack of standing and failure to allege essential elements but it is premature to do so before discovery can bring out the information necessary to establish them. Moreover, KC Transport makes its argument in support of such request explicitly contingent on the dismissal of plaintiff's individual claims.

In her complaint, Ms. Underwood requested an opt-in FLSA collective action, not a Rule 23 class action. Since her

5

individual claims are not dismissed, there is no reason now to dismiss the collective claims. In addition, Rule 23 requirements do not apply to the certification of such a collective action.

IV. Conclusion

For the foregoing reasons, the court ORDERS that the motion to dismiss be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record.

ENTER: October 4, 2017

John T. Copenhaver, Jr.
United States District Judge