IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Charleston Division)

**ANGELA UNDERWOOD,**
**individually and on behalf of others**
**similarly situated,**

**Plaintiff,**

**v.**                                                    **Civil Action No. 2:17-cv-02522**

**KC TRANSPORT, INC., d/b/a KC**
**TRANSPORT OF WEST VIRGINIA,**
**INC. A West Virginia Corporation,**
**and KENNY COMPTON, a West**
**Virginia**
**Resident,**

**Defendants.**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

Defendants KC Transport, Inc. and Kenny Compton ("Defendants") along with Plaintiff Angela Underwood ("Plaintiff") jointly move this Court for approval of the settlement of the above captioned case pursuant to the terms of the Settlement Agreement and General Release ("Settlement Agreement"), a copy of which is attached hereto.

### I.    BACKGROUND

Plaintiff filed this action in the United States District Court for the Southern District of West Virginia, Charleston Division on April 26, 2017. (ECF No. 1). Plaintiff's complaint alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation to Plaintiff and other similarly-situated employees. The class action filed in this matter has not been certified.

Through discovery, it became apparent that Defendants had a substantial, valid defense to the claims stated in the Complaint, and that calculation of damages suffered by Plaintiff would be very difficult, if not impossible, to calculate with any certainty.

## DISPUTE IN CONTROVERSY

The Parties attended mediation on October 3, 2018, which was successful, resulting in the Parties executing a settlement agreement, subject to approval by the Court pursuant to 29 U.S.C.S. § 216(b). The Parties reached an agreement regarding the total settlement amount to be made available to Plaintiff, including attorney's fees and costs. All Parties have signed the Settlement Agreement. Consequently, the Settlement Agreement is attached hereto, and provided for the Court's review. The parties have attached an unexecuted copy of the settlement agreement, attached as Exhibit A.   This agreement has been executed by all parties.  Pursuant to the Settlement Agreement, Defendant is to pay Plaintiff $10,000 for unpaid wages and attorney's fees and costs for Plaintiff's claims in this case and for his claims in *Angela Underwood v. KC Transport, Inc., et al.*, Civil Action No. 17-C-630 in the Circuit Court of Kanawha County, West Virginia.

A court presiding over an FLSA action may approve a proposed settlement of the action under 29 U.S.C.S. § 216(b) "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the

2

agreement." *Kim v. Confidential Studio Inc.*, 2017 U.S. Dist. LEXIS 133002, at \*4 (D. Md. Aug. 21, 2017) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355) (internal citations omitted).

Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by counsel, and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties well understand that litigation is an inherently risky process, and the likelihood of success for either party is virtually unknown. The issues in this case were in dispute, and settlement was achieved with an understanding of the disputed claims.

Moreover, the settlement in this case is fair because it represents the potential value of Plaintiff's claim.

## REASONABLENESS OF ATTORNEY'S FEES

The attorney's fee in this matter is based upon a contingency fee of forty percent (40%) basis.   This contingency fee was for representation for filing a federal FLSA claim and a West Virginia State Court employment age discrimination claim.   Counsel for Ms. Underwood drafted, filed and litigated both claims simultaneously until a settlement was reached with Defendants on all claims, federal and state.   Both the federal and state court actions are subject to the settlement reached in this matter.

It is well established that "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The produce of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548

3

F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). Of course, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994) (citation omitted); *see also Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) ("In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'…The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit."0; *Reynolds v. Alabama Dep't of Transp.*, 926 F. Supp. 1448, 1453 (M.D. Ala. 1995) ("After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upward or downward.").

As set forth above, the payment made to Plaintiff included attorney's fees. The settlement amount was split 50/50 between Plaintiff and Plaintiff's counsel, meaning Plaintiff received $5,000.00 and counsel for Plaintiff received $5,000.00. Attorney's fees paid in this matter reflect a waiver of costs incurred by counsel for Plaintiff such that counsel for Plaintiff did not receive more than Plaintiff received. Based on all relevant factors, the proposed pay of attorney's fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

Based upon the above stated, the attorneys fee claim in this matter is reasonable. Therefore, Plaintiff respectfully requests this Court approve the attorney's fee award presented to the Court in this matter.

## IV.   CONCLUSION

For the reasons stated above, the Parties respectfully approve the settlement and dismiss this action with prejudice by entering the proposed order, previously filed under seal.

Respectfully Submitted,

/s/ Mark L. French                                         /s/Steven R. New_____
Mark L. French, Esq. (WVSB # 9061)             Steven R. New (WVSB # 7756)
THE LAW OFFICE OF MARK L. FRENCH, PLLC    P.O. Box 5516
P.O. Box 11607                                          Beckley, WV  25801
Charleston, WV  25339