```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ANGELA UNDERWOOD, individually and**
**on behalf of others similarly situated,**

 **Plaintiff,**

**v.**          **Civil Action No. 2:17-cv-02522**

**KC TRANSPORT, INC.,**
**d/b/a KC TRANSPORT OF WEST VIRGINIA, INC.,**
**a West Virginia Corporation,**
**and KENNY COMPTON,**
**a West Virginia resident,**

 **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is the parties' joint motion, filed January 18, 2019, for approval of a settlement agreement and dismissal of this action with prejudice.

### I. Background

Plaintiff Angela Underwood initiated this action in this court on April 26, 2017, charging defendant KC Transport, Inc. with alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The plaintiff, a former employee of KC Transport, claimed that KC Transport owed her and all other similarly situated individuals unpaid overtime wages.

This action has never been certified, either conditionally or finally, pursuant to 29 U.S.C. 216(b).[1]

After both parties fully briefed their cross-motions for summary judgment, the parties informed the court that they had reached a settlement through mediation. The parties later filed the pending motion, seeking approval of a settlement that would dismiss with prejudice plaintiff's claims. Attached to the motion is an unexecuted "Mediated Partial Settlement Agreement."[2]

The settlement between the parties here is intended to settle not only the claims raised in this case but also an age-discrimination dispute between the parties in state court. See Joint Mot., ECF No. 57, at 3. The Settlement Agreement describes a universal settlement for both claims in the amount of $10,000. Settlement Agreement, ECF No. 57-1. The parties later informed the court, by filing a supplemental joint motion on February 26, 2019, that $5,000 was the amount allocated to

---

[1] There is a general consensus that an FLSA action becomes moot once the named plaintiffs settle their claims because they lack a personal interest in representing potential opt-in plaintiffs. See Genesis HealthCare Corp. v. Symczyk, 569 U.S. 66, 73 (2013); Faubel v. Grogg's Heating & Air Conditioning, Inc., No. 2:17-cv-02410, 2018 WL 2339081, at *2 (S.D.W. Va. May 22, 2018) (providing a thorough evaluation of the effect of settlement of a collective action by the named plaintiff on potential opt-in plaintiffs).
[2] The parties assert that the agreement has been executed by all parties. Joint Mot., ECF No. 57, at 2.

settle the FLSA matter. Supplemental Joint Mot., ECF No. 58, at 2. While the Settlement Agreement filed with the court on January 18, 2019 contained a confidentiality provision, which is inconsistent with FLSA jurisprudence, the parties filed, on March 8, 2019, a stipulation that any confidentiality provision, or reference thereto, relating to the above-styled civil action, including the filed Settlement Agreement, shall be deemed stricken. ECF No. 59. All payments have already been made to the plaintiff and her counsel. Joint Mot., ECF No. 57, at 2.

## II. Standard of Review

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis HealthCare, 569 U.S. at 69. Doing so would thwart the purpose of the Act, which is "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 42 U.S.C. § 202(a)). Consequently, FLSA claims for back wages can be settled in only two ways, only one of which is relevant here: "When employees bring a private

3

action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946), and Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

Because the Court of Appeals for the Fourth Circuit has not yet had occasion to endorse a standard for approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores." Kim v. Confidential Studio Inc., No. PWG-15-410, 2017 WL 3592455 at *2 (D. Md. Aug. 21, 2017) (citing cases). As succinctly stated by the district court in Confidential Studio,

> [t]he settlement must "reflect[ ] a fair and reasonable resolution of a bona fide dispute over FLSA provisions," which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from [Federal Rule of Civil Procedure] 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement.

Id. (second alteration in original) (citing cases and quoting Lynn's Food Stores, 679 F.2d at 1355).

III. Discussion

First, the FLSA issue here is actually in dispute. The plaintiff alleges that she is a non-exempt employee, entitled to unpaid overtime wages she earned while working more than forty hours per week; defendants disagree.

Next, the court turns to the relevant factors from Rule 23's assessment for fairness and reasonableness. Those factors are as follows:

> (1) The extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

Patel v. Barot, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014); see also Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir. 1975).

The parties have had the opportunity to conduct and complete discovery in this matter, and both parties have fully briefed the cross-motions for summary judgment. Counsel for the parties, who purport to be "capable attorneys who have the necessary experience to protect the rights of the Parties in this matter," believe that the settlement is fair, Joint Mot.,

ECF No. 57, at 3, and there is no evidence or suggestion that fraud or collusion impacted the settlement.

Further, in reviewing the documents filed with the court over the course of this litigation, it is apparent that defendants have a strong defense to Ms. Underwood's FLSA claims. The plaintiff is a truck driver who hauled coal for KC Transport within the State of West Virginia but which coal was destined for interstate travel. The FLSA overtime requirement does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b). The Secretary of Transportation controls the requirements for employees whose activities affect the safety of operation of motor vehicles for private motor carriers who engage in interstate commerce. See Troutt v. Stavola Bros., Inc., 107 F.3d 1104, 1106-07 (4th Cir. 1997). Here, the defendants persuasively contend that the FLSA does not apply to Ms. Underwood as she falls under the motor carrier exemption.

In view of the strength of the defendants' interstate commerce defense, there is serious doubt that plaintiff has a viable FLSA claim. The court deems the settlement amount, though it is somewhat diminutive for a plaintiff seeking

approximately twenty hours of weekly overtime wages over the six-month period of her employment, to be fair and reasonable.

Finally, the award of attorneys' fees is reasonable. As this court has explained,

> the FLSA contemplates that "the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs." Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946). Therefore, the reviewing court must assess the reasonableness of the attorney's fees to be awarded "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." <u>Silva v. Miller</u>, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished opinion); <u>see also</u> <u>Poulin v. Gen. Dynamic Shared Res., Inc.</u>, 3:09-cv-00058, 2010 U.S. Dist. LEXIS 47511, at *3-4 (W.D. Va. May 5, 2010).

<u>Bryant v. Lab. Corp. of Am. Holdings</u>, No. 2:11-cv-00604, 2012 U.S. Dist. LEXIS 101713, at *3-4 (S.D. W. Va. July 23, 2012). Counsel for the plaintiff will receive $2,500, which constitutes 50% of the total FLSA settlement amount. Plaintiff's counsel asserts that this amount represents a reduced reimbursement for fees and costs, despite the fact that the percentage is high. Supplemental Joint Mot., ECF No. 58, at 2. Indeed, in light of counsel's preparing the complaint, conducting discovery, and briefing the motions for summary judgment, it is apparent that the fee is a modest one. Under all the circumstances, the attorney's fee is a fair and reasonable one.

### IV. Conclusion

It is, accordingly, ORDERED that the parties' joint motion for approval of the settlement agreement and for dismissal of this action with prejudice be, and hereby is, granted and that this matter be stricken from the docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

ENTER: March 11, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge